36872. RIEGEL TEXTILE CORPORATION *v.* CRAIG.

DECIDED NOVEMBER 27, 1957—REHEARING DENIED
DECEMBER 17, 1957.

794

*Matthews, Maddox, Walton & Smith, Oscar M. Smith,* for plaintiff in error.

*Bobby Lee Cook, Charles T. Culbert,* contra.

FELTON, C. J. The single deputy director and the full board found that the claimant had failed to prove that the fall she suffered on January 9, 1956, caused or contributed to the herniated disc which was corrected by surgery. We think that the evidence demanded a finding that the claimant's fall on January 9, 1956, at least aggravated the herniated disc which was corrected by Dr. Kimsey. Irrespective of the claimant's testimony that she had over a period of years suffered from back pains and that she had had two previous falls which injured her back, she testified that she experienced pain at the time of

her fall; that her pain had been greater since her fall; that she had experienced since the fall a pain in the legs which she had not experienced previously and that she did not experience any difficulty prior to her fall in reaching to the floor but had experienced such difficulty since the fall.

All of the testimony by Dr. Kimsey as to the relation between the claimant's condition when he examined her in October of 1956 and her fall on January 9, 1956, is completely set out above. There is nothing in Dr. Kimsey's testimony which would authorize a finding that the claimant's fall in January, 1956, did not cause or contribute to the herniated disc he corrected. The defendant contends that Dr. Kimsey testified that the trauma which produced the claimant's herniated disc occurred within a month of the time he examined her in October of 1956. We do not think Dr. Kimsey's testimony is susceptible to such a conclusion. That particular testimony was as follows: "I don't know when this injury occurred that she complained about and her disability and she couldn't move and was numb in both legs and she had pain in both legs, I feel like this tremendous injury or rupture may have occurred sometime in a month before I saw her in January, by it switching from her right side to the left." We do not think that Dr. Kimsey by this testimony meant that the claimant's fall in January did not cause or contribute to her herniated disc. First of all, he first saw and examined the claimant in October of 1956 and operated on her within a few days, and further, he based this statement on the fact, "by it switching from her right side to the left." Second, almost immediately after testifying as quoted above, he testified, "I think her condition continued to get worse over the months after the accident, because the pain she had switched in her legs, it was in her left leg and then in June it went to her right leg, it slipped around, and I feel that it slipped to one side and then to the other in the canal and when it turned back, it went to the spinal canal." Thus, it can be seen that Dr. Kimsey did not intend to testify that the trauma or rupture occurred within a month before he saw her in October of 1956 because he based his conclusion on the facts that the pain had shifted from one leg to the other and he testified that such shifting took place in June, 1956, which was some four or five months prior to his first examination of the claimant.

The testimony of the claimant, and the testimony of Dr. McCravey to the effect that the claimant's fall greatly contributed to a pre-existing back condition, demanded a finding that the claimant's fall on January 9, 1956, at least aggravated her condition which was partially corrected by Dr. Kimsey in October of 1956 and for which compensation is sought.

The fact that the claimant sought medical attention from doctors of her own choice and did not consult with the defendant concerning her operation would not bar her from recovering compensation. *United States Fidelity &c. Co.* v. *Brown,* 68 *Ga. App.* 706, 711 (23 S. E. 2d 443). Whether such conduct on the claimant's part would bar her from receiving other benefits to which she may have been entitled under the act is not now before us for consideration.

The court did not err in reversing the full board's award denying compensation.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*